IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JULIE A. BEBERMAN,

            Petitioner,

v.

U.S. DEPARTMENT OF STATE,

            Respondent.

1:16-cv-00063

**OPINION**

THOMPSON, U.S.D.J.[1]

This matter has come before the Court upon a motion for preliminary injunction (ECF No. 14) by Petitioner Julie Beberman ("Petitioner") and a motion to dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim, by United States Department of State ("Respondent") (ECF No. 18). Each motion is opposed. (ECF Nos. 16 and 20, respectively). The Court decides these motions based upon the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated herein, Petitioner's motion will be denied and Respondent's motion will be granted.

**BACKGROUND**

This matter pertains to interim relief allegedly denied to Petitioner by Respondent and the Foreign Service Grievance Board ("FSGB"). Petitioner's pertinent allegations are as follows: Petitioner was a Foreign Service career candidate with Respondent, on limited career appointment; her appointment was set to expire on March 27, 2016. (Am. Pet. Writ Mandamus ¶ 1, ECF No. 12). Petitioner was considered for and denied tenure; she would have been separated

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

on or about the expiration date. (*Id.*). Petitioner applied to the FSGB, an independent adjudicatory body, for review of her tenure decision and interim relief from her scheduled separation on March 27, 2016. (*Id.*). On March 9, 2016, the FSGB granted Petitioner temporary interim relief from the scheduled separation while it considered her request for full interim relief. (*Id.* ("March 9 Order")).

Subsequently, Respondent removed Petitioner from her position at Embassy Malabo, Equatorial Guinea, and moved her to Washington, D.C. Petitioner was not given the locality stipend or metro stipend, and her household effects were sent to her home address in the Virgin Islands rather than to Washington. She was kept on payroll. While in Washington, Petitioner was found ineligible for a temporary detail assignment to St. Croix, Virgin Islands, due to her separation and interim status.

Petitioner filed a motion to enforce interim relief with the FSGB, arguing that these actions—removing Petitioner from Embassy Malabo to Washington, D.C., denying her benefits and access to her household effects, and finding her ineligible for a temporary position in St. Croix—were in violation of the March 9 Order granting temporary interim relief. On September 21, 2016, the FSGB denied that motion, finding that the March 9 Order prevented Respondent from effectuating Petitioner's separation on March 27; it did not provide other protections or benefits.

Petitioner then petitioned this Court for a Writ of Mandamus, Declaratory Judgment, Injunctive Relief, and Appeal from the FSGB's Partial Denial of Interim Relief. (ECF No. 1, Sept. 19, 2016). Petitioner amended that petition on September 26, 2016 (ECF No. 12) and filed a motion for a preliminary injunction seeking reinstatement at Embassy Malabo or eligibility for nomination for the temporary assignment in St. Croix (ECF No. 15).

Respondent filed a motion to dismiss the Writ of Mandamus and Appeal for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim. (ECF No. 19). That motion and the preliminary injunction are presently before the Court.

## **DISCUSSION**

Because the resolution of the motion to dismiss could narrow the Court's inquiry on Petitioner's application for a preliminary injunction, the Court will first address the motion to dismiss. *See Llanos v. Davis Beach Co.*, 1991 WL 182248, at *2 (D.V.I. Aug. 29, 1991).

### **I.     Respondent's Motion to Dismiss for Lack of Jurisdiction – Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 Fed. Appx. 285, 287–88 (3d Cir. 2008) (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). A facial challenge "concerns 'an alleged pleading deficiency' whereas a factual [challenge] concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (alterations in original)). In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. *Gould Elecs.*, 220 F.3d at 176. In considering a factual challenge, the court may "weigh and consider evidence outside the pleadings." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *Gould Elecs., Inc.*, 220 F.3d at 176) (internal quotation marks omitted)).

A. <u>Appeal of the FSGB's Partial Denial of Interim Relief</u>

Respondent argues that this Court lacks jurisdiction to consider this petition and appeal because it is an appeal of an intermediate order by the FSGB and the Court only has jurisdiction to review final orders. Petitioner argues the FSGB's denial of her motion to enforce interim relief was a final order as to the interim relief because by the time the FSGB rules on her underlying claim, the relief she seeks in the interim will be moot and only monetary—not equitable—damages will be available; she argues the denial was a collateral order and is reviewable at this time. Because this is a facial attack on the Court's jurisdiction over the petition, the Court must only consider the allegations in the petition and documents referenced therein and attached thereto, in the light most favorable to the petitioner. *Gould Elecs.*, 220 F.3d at 176.

The statute that establishes the FSGB, and the regulations that determine its breadth, state that FSGB decisions are subject to judicial review only after the final order. 22 U.S.C. §§ 4137(c), 4140 ("Any aggrieved party may obtain judicial review of a final action of the Secretary or the FSGB on any grievance in the district courts of the United States in accordance with the standards set forth in chapter 7 of Title 5."); see also § 4109 (pertaining to judicial review and enforcement of FSGB decisions in unfair labor practice cases, applicable after a final order from the FSGB) (citing 5 U.S.C.A. 7123(c)).

Chapter 7 of Title 5 refers to the Administrative Procedure Act ("APA"), which outlines the limits of judicial review of agency decisions. 5 U.S.C.A. § 701, *et seq.* The text of the statute states in relevant part, "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A

preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C.A. § 704.

Therefore, there is a presumption that the Court lacks jurisdiction to review a non-final agency decision, in this case, a decision by the FSGB. *See, e.g.*, *Egan v. U.S. Agency for Int'l Dev.*, 381 F.3d 1, 4 (D.C. Cir. 2004) ("Any aggrieved party may obtain judicial review of a final action of the Secretary or the Board…"); *Ackerman v. United States*, 324 F. Supp. 2d 1, 3 (D.D.C. 2004) (reviewing only after FSGB's final order). Any preliminary, procedural, or intermediate action may be reviewed with the final order. 5 U.S.C.A. § 704.

In this case, the FSGB issued an order granting Petitioner temporary interim relief from her scheduled separation, pending a decision on her underlying grievance. (March 9 Order, *see* Am. Pet. Writ Mandamus, ECF No. 12). Respondent kept Petitioner on payroll—in other words, did not complete her separation—but also moved her from her position at Embassy Malabo to Washington, D.C. and did not provide locality pay, travel stipends, or her "household effects." (Am. Pet. Writ Mandamus, ECF No. 12). Petitioner then filed a motion with the FSGB to enforce the March 9 interim relief order. (*Id.*). The FSGB denied that motion, finding that 22 U.S.C §4136(8) only required the suspension of Petitioner's separation; it did not require the additional relief that Petitioner sought: reinstatement to her position in Malabo, access to her household effects, or locality pay. (September 21, 2016 Order, *id.*).[2] Petitioner contends that the

---

[2] Note, it appears that the FSGB has issued an additional order pertaining to Petitioner's interim relief. *See* ECF No. 31-1, June 14, 2017. That order is not the subject of this Petition or the pending motions in it and nothing in that order appears to affect the findings herein. Petitioner remains on temporary interim relief from separation pending adjudication of her underlying grievance(s). That temporary interim relief does not include the assignments or benefits Petitioner seeks.

FSGB's March 9 and September 21 Orders are immediately reviewable under the collateral order doctrine.

Collateral order review is only available for a "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). It is available for decisions that may evade review if immediate appeal is not permitted. *Kreider Dairy Farms, Inc. v. Glickman*, 190 F.3d 113, 120 (3d Cir. 1999). To be appealable under the collateral order doctrine, an order must meet each of the following three requirements: it must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action and (3) be effectively unreviewable on appeal from an otherwise final judgment. *Will v. Hallock*, 546 U.S. 345, 349 (2006); *United States v. Bertoli*, 994 F.2d 1002, 1011 (3d Cir. 1993). The three requirements for collateral order jurisdiction are necessarily stringent, and the Supreme Court has emphasized that the doctrine must "never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). The limited scope of the collateral order doctrine "reflects a healthy respect for the virtues of the final-judgment rule." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009).

In assessing whether the court possesses jurisdiction under the collateral order doctrine, "we do not engage in an 'individualized jurisdictional inquiry.'" *See Mohawk*, 558 U.S. at 107. The focus is not on the particular order at issue, but rather on the "entire category" of orders to which it belongs. *See Digital Equip.*, 511 U.S. at 868. Thus, the chance that "the litigation at

hand might be speeded" or "a particular injustice averted" by an immediate appeal does not provide a basis for jurisdiction under the collateral order doctrine. *Id.*

First, Petitioner contends that, with its denial of Petitioner's motion to enforce interim relief, the FSGB has conclusively determined the extent of Petitioner's interim relief pending the FSGB's final order on her grievance. That appears to be true, regarding the relief pending the FSGB's final order.

Second, the collateral order "must resolve an important issue completely separate from the merits of the action." *Bertoli*, 994 F.2d at 1011. In order to be "separate from the merits," an intermediate order cannot "involve considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Review Comm'n*, 742 F.3d 82, 86 (4th Cir. 2014) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468 (1978) (abrogated on other grounds)). In this case, in order for this factor to be satisfied, the FSGB's denial of Petitioner's motion to enforce interim relief—denying her locality benefits and access to her household goods, and denying her reinstatement to Embassy Malabo or eligibility for temporary detail in St. Croix—must be sufficiently distinct from the underlying discrimination and denial of tenure claim.

Petitioner contends that the interim relief is separate from the merits that will be decided by the final order because it pertains to the benefits she receives now and the rights she has while her grievance is pending. However, this overstates the distinction between the temporary interim and final relief sought. The FSGB grants interim relief if adverse employment action relates to a grievance. 22 U.S.C. § 4136(8). Petitioner seeks the benefits she would get if she wins on the merits while her grievance is pending. The considerations for whether she should receive them in the interim are deeply enmeshed with the factual and legal issues of the underlying grievance.

7

Therefore, the petition fails this second requirement of the collateral order doctrine.

Third, the action must be "effectively unreviewable on appeal from a final judgment." *Will*, 546 U.S. at 349; *Bertoli*, 994 F.2d at 1011. An unreviewable order is one that has significant and irreparable effects. *See Johnson v. Jones*, 515 U.S. 304, 311 (1995) ("significant"); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981) ("irreparable"). An order may also be unreviewable if it "affect[s] rights that would be irretrievably lost in the absence of an immediate appeal." *See Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31 (1985). But even such irrevocable harm will not alone suffice to trigger collateral order jurisdiction. *See Digital Equip.*, 511 U.S. at 872. The court must also make "a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement"—i.e., an assessment of whether a sufficiently important interest would be imperiled by the refusal to provide an immediate review. *See Mohawk*, 558 U.S. at 107.

Petitioner argues that the harm she is suffering is significant and irreparable and that once a final order is entered by the Board, she will no longer be able to appeal her interim relief because the matter will be moot. The central harm to Petitioner is that she was removed from her station in Malabo; if she prevails on the grievance, her career will have been stymied by this interlude. However, that is entirely the substance of the underlying grievance and may be reviewed with the final order. Furthermore, permitting appeal of this type of intermediate order would disrupt operations of the federal agency and disrupt the agency's grievance process.

Another harm that Petitioner alleges—that she is ineligible for assignment—presents a similar concern. If the Court interfered with the FSGB and Department's assignment decisions prior to final orders, that would disrupt the entire grievance structure.

The final harms that Petitioner alleges—the denial of locality pay and access to her household goods—can be adequately compensated by money damages after the final order. The denial of access to her household goods, while an equitable harm, could be remedied with monetary damages for the inconvenience suffered or cost of interim replacement goods, if appropriate.

The FSGB's order is not a collateral order that could be subject to immediate review. The Court lacks jurisdiction to review the FSGB's intermediate order until the FSGB issues a final decision on the grievance.[3] Thus, the Petition must be dismissed. 22 U.S.C. § 4140(a).[4]

B. Writ of Mandamus

Petitioner also seeks a writ of mandamus to provide the relief Petitioner sought from the FSGB in her motion to enforce interim relief. In other words, Petitioner seeks a writ from this Court to force the Respondent to act contrary to the FSGB's order.

This is essentially another way of asking the Court to review the FSGB's order denying Petitioner's motion to enforce interim relief, and to come out the other way. As discussed in section A, the Court lacks jurisdiction to review the FSGB's intermediate order.

---

[3] Relatedly, the parties debate whether the question is "ripe." Those arguments are subsumed by this analysis and the Court will not address them separately.

[4] Petitioner argues in the alternative that the Court has jurisdiction to compel agency action unlawfully withheld, or hold unlawful and set aside agency action under the APA. (Opp'n at 7, ECF No. 20 (citing 5 U.S.C. § 706)). However, that provision is still subject to the limitations of section 704, which requires the order to be a final or a reviewable preliminary or intermediate order, which this is not. Furthermore, there was no required action unlawfully withheld. Petitioner argues that the FSGB contravened Congress' intent to maintain Foreign Service officers in their positions pending adjudication of grievances. Congress explicitly dictated that the FSGB suspend involuntary separation where that was the subject of a pending grievance (22 U.S.C. § 4136(8)), and gave the FSGB the discretion to keep someone in their position pending a final decision, but did not require them to do so (*see* Opp'n at 11, citing Congressional hearings). The FSGB was not required to keep Petitioner in her Embassy Malabo position, and, regardless, the Court lacks jurisdiction to review that decision at this time.

Furthermore, where the plaintiff could challenge alleged violations of her constitutional rights or an agency's failure to follow its own regulations under the Administrative Procedure Act, mandamus[5] is improper. *Stehney v. Perry*, 101 F.3d 925, 934 (3d Cir. 1996) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)) ("[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations," e.g. where no other remedy is available). In this case, Petitioner has filed a related action based on various federal anti-discrimination statutes, the Privacy Act, and the Federal Tort Claims Act, challenging alleged unconstitutional discrimination that led to her separation; furthermore, Petitioner sought a preliminary injunction to be reinstated in her assignment in Embassy Malabo and was denied (*see Beberman v. United States Dep't of State*, No. 14-0020, Docket Nos. 73, 74, March 24, 2016; affirmed on appeal, Docket No. 104). Petitioner seeks other related relief in the Federal Court of Claims and through administrative action before the FSGB. It appears she has other available remedies and the extraordinary remedy of mandamus is not applicable.

C. Declaratory Judgment

Petitioner also seeks declaratory judgment that Respondent has acted *ultra vires* in denying Petitioner the relief she seeks. The statutory basis for declaratory judgment does not provide an independent jurisdictional basis. 28 U.S.C. §§ 2201, 2202. Because the Court has found that it does not possess jurisdiction over this matter from any other source, it cannot exercise jurisdiction over the petition for declaratory judgment.

---

[5] The writ of mandamus has been abolished, but relief in the nature of mandamus remains. Fed. R. Civ. P. 81(b); 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); *Stehney v. Perry*, 907 F. Supp. 806 (D.N.J. 1995) (citing Wright & Miller), aff'd, 101 F.3d 925 (3d Cir. 1996).

## II. Additional Motions and Applications

Because the Court lacks subject matter jurisdiction, this matter must be dismissed and Petitioner's application for a preliminary injunction (ECF No. 14) and motion to supplement the record for her preliminary injunction (ECF No. 28) denied as moot.

While these motions were pending, Petitioner also moved to file a Second Amended Petition. (ECF No. 30). After reviewing the proposed Second Amended Petition, it appears that Petitioner simply adds a reference to 28 U.S.C. § 1331, alleging federal question jurisdiction. The proposed amendment would not cure the jurisdictional issues discussed herein. Therefore, it appears that any amendment to the petition would be futile. Petitioner's motion to file a Second Amended Petition will be denied as moot and the Court will not grant leave to amend. *See, e.g.*, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (dismissing the complaint and denying leave to amend is appropriate where amendment would be inequitable or futile).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of jurisdiction will be granted and Petitioner's application for a preliminary injunction will be denied as moot.[6] A corresponding order will follow.

Date: *8/7/17*                                          */s/ Anne E. Thompson*
                                                        ANNE E. THOMPSON, U.S.D.J.

---

[6] Perhaps self-evidently, as the Court lacks jurisdiction over this matter currently, nothing in this order affects the FSGB's orders on interim relief, including the June 14, 2017 Order.